## HARRY S. KAUFMAN, Limited, v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
January 30, 1928.

· No. 5181.

1. Internal revenue ⊜⟶25—Evidence did not support conclusion that stockholder was not regularly engaged in company's business, within statute defining personal service corporation for taxation purposes (Revenue Act 1918, § 200 [Comp. St. § 6336⅛a]).

Conclusion of fact of Board of Tax Appeals to effect that stockholder was not regularly engaged in his company's business, within meaning of Revenue Act 1918, § 200 (Comp. St. § 6336⅛a), defining personal service corporation for taxation purposes, held not supported by evidence.

2. Internal revenue ⊜⟶7(28), 9(27)—Where stockholders owning 80 per cent. of stock were conducting insurance agency corporation's business, it was "personal service corporation" for taxation purposes; "principal stockholders" (Revenue Act of 1918, §§ 200, 218 (e), being Comp. St. §§ 6336⅛a, 6336⅛i).

Where stockholders owning more than 80 per cent. of capital stock were regularly and actively engaged in conducting insurance agency corporation's business, percentage of stock so represented was large enough to constitute owners thereof "principal stockholders," and corporation was "personal service corporation" for income and excess profits tax purposes,

within meaning of Revenue Act 1918, §§ 200, 218 (e), being Comp. St. §§ 6336⅛a, 6336⅛i.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Service.]

**3. Internal revenue ⬿⟶7(28), 9(27)—Income of insurance agency corporation, claimed to be personal service corporation for taxation purposes, was not ascribed primarily to local agents' activities (Revenue Act 1918, §§ 200, 218 (e), being Comp. St. §§ 6336⅛a, 6336⅛i).**

Income of insurance agency corporation could not be ascribed primarily to activities of its employees and local agents of insurance companies, rather than to activities of principal stockholders, and corporation was personal service corporation for taxation purposes, under Revenue Act 1918, §§ 200, 218 (e), being Comp. St. §§ 6336⅛a, 6336⅛i.

Petition for Review of Decision of United States Board of Tax Appeals for the District of Louisiana.

The Commissioner of Internal Revenue determined the existence of a deficiency in income and profits tax returned by Harry S. Kaufman, Limited, for the taxable year 1918. On appeal the United States Board of Tax Appeals held the taxpayer liable for the deficiency, and he filed a petition for review of its decision. Reversed and remanded.

J. Robert Sherrod, of Washington, D. C., and Ralph J. Schwarz, of New Orleans, La. (Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, La., on the brief), for petitioner.

J. Arthur Adams, Sp. Atty. Bureau of Internal Revenue, and A. W. Gregg, Gen. Counsel Bureau of Internal Revenue, both of Washington, D. C., Mabel Walker Willebrandt, Asst. Atty. Gen. (C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a petition for review of a decision by the United States Board of Tax Appeals, which held petitioner liable for income and excess profit taxes imposed by the Revenue Act of 1918 (40 Stat. 1057).

It is provided in section 218 (e) of the act (Comp. St. § 6336⅛i) that "personal service corporations shall not be subject to taxation under this title, but the individual stockholders thereof shall be taxed in the same manner as the members of partnerships." A "personal service corporation" is defined by section 200 (Comp. St. § 6336-⅛a) to be:

"A corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive."

The taxes were assessed for the years 1919 and 1920. It is the contention of petitioner that during those years it was a personal service corporation, within the meaning of section 200 of the act; but the Board of Tax Appeals held that it was not.

Petitioner was an incorporated insurance agency with its principal office at New Orleans. It acted as both general and local agent for a number of insurance companies. As general agent it had supervision of local agents, who lived in various parts of Louisiana outside of New Orleans, passed on insurance risks involved, and forwarded the policies to the home offices of the companies. As local agent it solicited insurance and passed upon risks in New Orleans and vicinity. Its capital stock was owned as follows: 52 per cent. by Harry S. Kaufman, 16.8 per cent by Otto J. Mayer, 16.8 per cent. by Joseph Levy, and 4.8 per cent. by each of three employees. The Board of Tax Appeals found from the evidence that Kaufman and the three employees devoted their entire time to the active conduct of the affairs of the corporation, that Levy was inactive, and that Mayer, who was president, had an office in petitioner's place of business, and while there was available to the other stockholders and to the employees for advice and conferences, and when called upon discussed matters relating to collections, extension of credit, sometimes suggested interviews with prospective customers, and gave advice as to general policies to be pursued, but was interested in other corporations and an officer in at least two of them. The final finding of fact with reference to Kaufman was that he was not regularly engaged in the active conduct of petitioner's insurance business.

The evidence without conflict further disclosed that Mayer was in petitioner's office daily, and spent most of his time there; was in charge of collections, solicited insurance,

and advised with other stockholders and the employees as to the desirability of insurance risks; was in charge of making reports to insurance companies, and that he gave practically none of his time to the other corporations in which he was interested, except that he attended directors' meetings. Levy, who owned 16.8 shares of stock, was not active in the affairs of the company.

Petitioner was a domestic corporation; its capital stock was not a material income-producing factor; it derived no income from trading as a principal or from government contracts during the World War; so that the inquiry is limited to whether its income was derived primarily from the activities of its principal stockholders, who were regularly engaged in the active conduct of its affairs. The argument for the government is that, as the Board of Tax Appeals have found that Mayer was not regularly engaged in the active conduct of the business, and as Levy was inactive, and they together held approximately one-third of the capital stock, the remaining stockholders, who were active, did not own enough stock to constitute them principal stockholders, and further that a substantial part of petitioner's income is to be ascribed to the activities of employees in New Orleans and of local agents in other parts of the state.

[1-3] We are of opinion that the conclusion of fact reached by the Board of Tax Appeals, to the effect that Mayer was not regularly engaged in his company's business, is not supported by the evidence. On the contrary, it is shown that this was the only business to which he devoted his time, that he was attentive to it and active, not only in disposing of its important affairs, such as passing on risks, advising local agents, and making reports to the home offices of the companies represented, but also in directing and managing many matters of detail. It follows that Mayer should be included among the active stockholders. When he is so included, it appears that the stockholders owning more than 80 per cent. of the capital stock were regularly and actively engaged in the conduct of petitioner's business. In our opinion, the percentage of stock so represented was large enough to constitute the owners thereof the principal stockholders. It was not provided by the statute that every stockholder should be actively engaged in the affairs of a personal service corporation. It cannot fairly be said that the income of petitioner is to be ascribed primarily to the activities of its employees and the local agents of insurance companies. There had to be

a principal to authorize employees to solicit insurance, and the local agents could not have secured the policies of insurance without a state agency to pass upon and approve the insurance risks. We are of opinion that the evidence without conflict shows that petitioner was a personal service corporation, and therefore that the conclusion of fact to the contrary was erroneous.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.